IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:21-CR-0084 |
| | : | |
| v. | : | |
| | : | |
| AARON J. DANIELS | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Defendant Aaron Daniels ("Daniels") is charged in a one-count superseding information with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (Doc. 74.) Before the court is a motion to withdraw Daniels' guilty plea based on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), arguing that Section 922(g)(1) is unconstitutional as applied to him, thus, he should be permitted to withdraw his plea and file a motion to dismiss. (Doc. 84.) Following protracted litigation due to the ever-changing legal landscape of Second Amendment jurisprudence, the court will deny Daniels' motion to withdraw the guilty plea.

### BACKGROUND

Daniels was charged by indictment on March 24, 2021, with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) He had an initial appearance on May 10, 2021, and was detained pending trial. (Doc. 15.) On January 14, 2022, Daniels entered a guilty

1

plea pursuant to a plea agreement to Count 1 and specifically agreed that the Armed Career Criminal Act enhancement under 18 U.S.C. § 924(e) applied to him. (Docs. 31, 36.) Prior to sentencing, on October 13, 2022, Daniels filed his first motion to withdraw his guilty plea relating to his status as an Armed Career Criminal. (Doc. 50.) On December 27, 2022, the Government notified the court that it concurred in Daniels' request to withdraw his guilty plea. (Doc. 60.) Thus, the court granted the motion to withdraw the guilty plea. (Doc. 61.)

On May 24, 2023, the Government filed a superseding information alleging one count of Section 922(g)(1) and an enhancement under Section 924(e). (Doc. 74.) On May 25, 2023, Daniels pleaded guilty by way of a second amended plea agreement to the superseding information. (Docs. 75, 80.) While awaiting sentencing, on September 15, 2023, Daniels filed the instant motion to withdraw his guilty plea. (Doc. 84.) Briefs in support and opposition were filed on October 3, 2023, and October 13, 2023, respectively. (Docs. 88, 90.) On January 8, 2024, the court stayed the motion to withdraw guilty plea pending the Third Circuit's review of this court's decisions in *United States v. Quailes*, 688 F. Supp. 3d 184 (M.D. Pa. 2023), and *United States v. Harper*, 689 F. Supp. 3d 16 (M.D. Pa. 2023). (Doc. 93.)

On March 4, 2025, following the Third Circuit's decision in *Quailes* and *Harper*, the court required the parties to file a joint notice advising whether

Daniels was serving a term of supervised release, probation, or parole for any state or federal criminal offense at the time of the offense alleged in the indictment. (Doc. 105.) The parties filed a joint notice on March 20, 2025, advising the court that Daniels was on parole in the Commonwealth of Pennsylvania at the time of the offense alleged in the indictment. (Doc. 106.) Therefore, the motion to withdraw the guilty plea is ripe for review.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 11(d) dictates when a defendant may withdraw his guilty plea. This may occur before the court accepts the plea, or after the court accepts the plea but before sentence is imposed if "the court rejects the plea agreement under 11(c)(5)," or "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d). In considering whether to allow withdrawal of a guilty plea, the court must consider: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citations omitted). The defendant bears a "substantial burden" in asking the court to withdraw his plea. *United States v. Agarwal*, 24 F.4th 886, 890 (3d Cir. 2022) (quoting *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011)).

**DISCUSSION**

Daniels argues that based on *Bruen*, Section 922(g)(1) "may no longer be considered constitutional" as applied to him such that he should be permitted to withdraw his guilty plea and file a motion to dismiss the indictment. (Doc. 88, p. 3.) The Government submits that the motion should be denied because Daniels does not assert his innocence, his asserted reason for withdrawing his plea is insufficient, and the Government would be prejudiced by permitting Daniels to withdraw his plea. (Doc. 90.)

Daniels' request to withdraw his plea rests solely on his ability to show "a fair and just reason" for the withdrawal because the court has not rejected his plea agreement. *See* Fed. R. Crim. P. 11(d)(2). Therefore, the court must consider the three key factors outlined by the Third Circuit. The first factor is easily disposed of as Daniels does not assert his innocence.

The second factor, the strength of the reasons for withdrawing his plea, does not weigh in Daniels' favor. Daniels' request to withdraw his plea is premised on his desire to file a motion to dismiss arguing that Section 922(g)(1) is unconstitutional as applied to him based on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and the Third Circuit's *en banc* opinion in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) ("*Range II*"). *Range II* found that Section 922(g)(1) violates the

Second Amendment as applied to Range based on the application of the holding in *Bruen*. 69 F.4th at 96. Prior to the filing of the instant motion, on August 22 and September 1, 2023, the court granted motions to dismiss in two other cases regarding Section 922(g)(1) holding that, as applied to each defendant, the Government failed to establish that Section 922(g)(1) is consistent with the Nation's "historical tradition of firearm regulation." *United States v. Quailes*, 688 F. Supp. 3d 184, 187 (M.D. Pa. 2023); *United States v. Harper*, 689 F. Supp. 3d 16, 20 (M.D. Pa. 2023).

The Government appeal these decisions and, while the *Quailes* and *Harper* appeals were pending, several notable decisions were published. First, on July 2, 2024, the Supreme Court granted a petition for writ of certiorari for *Range II*, vacated the judgment, and remanded *Range II* for further consideration based on the Court's decision in *United States v. Rahimi*, 602 U.S. 680 (2024). *Garland v. Range*, 144 S. Ct. 2706, 2707 (2024). Then, on August 2, 2024, in *United States v. Moore*, 111 F.4th 266, 273 (3d Cir. 2024), *petition for cert. filed*, No. 24-968 (Mar. 7, 2025), the Third Circuit held that "[a] convict completing his sentence on [federal] supervised release does not have a Second Amendment right to possess a firearm." Lastly, on December 23, 2024, the Third Circuit issued another *en banc* opinion in *Range v. Attorney General*, 124 F.4th 218 (3d Cir. 2024) ("*Range III*"),

again finding that Section 922(g)(1) violates the Second Amendment as applied to Range based on the application of the holdings in *Bruen* and *Rahimi*.

Thereafter, on January 17, 2025, the Third Circuit reversed and remanded the consolidated appeals in *Quailes* and *Harper*, extending the holding in *Moore* to individuals being supervised by state parole or probation. *United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025). Thus, controlling Third Circuit precedent provides that the Second Amendment provides no protection to a defendant who was on federal supervised release or state probation or parole at the time the offense at issue was purportedly committed.

Here, the parties agree that Daniels was on parole in Pennsylvania on August 13, 2018, the offense date alleged in the indictment. Therefore, even if Daniels was permitted to withdraw his guilty plea and file a motion to dismiss, *Quailes* is controlling and the motion to dismiss would be denied.

Regarding the last factor, the Government submits that it would be prejudiced in its ability to prepare for trial because of the passage of time since the conduct alleged in this case occurred. (Doc. 90, pp. 25–26.) Daniels provides no argument to rebut the prejudice submitted by the Government. Thus, the court finds that this factor weighs against Daniels.

The court finds that Daniels has not met his burden of establishing a fair and just reason to withdraw his guilty plea. He does not claim his innocence, the

strength of his reasons have been undermined by the evolving Second Amendment law, and the Government would be prejudiced if the court granted his motion. For these reasons, the court will deny Daniels' motion.

## CONCLUSION

Accordingly, for the reasons stated herein, the motion to withdraw guilty plea, Doc. 84, will be denied. An appropriate order will issue.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: April 11, 2025